MILLS, Judge.
The Division of Family Services appeals from two orders of the Juvenile Division of the Circuit Court of Alachua County which adjudicated a child to be a dependent child, and committed the child to the custody of the Division for placement in Hacienda Girls Ranch at the expense of the Division. Although several issues are raised, the controlling issue is whether a juvenile court may adjudicate a child to be a dependent child where no petition is filed nor notice of a dependency hearing given to the Division of Family Services.
The child pled guilty to a delinquent act. The Court withheld adjudication and placed her on probation under the supervision of the Division of Youth Services. While in the custody of her parents she ran away from home and was charged with violation of her probation. The child pled guilty to violation of probation and was adjudged to be a delinquent child. Disposition of the case was continued pending receipt of a social investigation and recommendation by the Division of Family Services. At the dispositional hearing, the child was adjudged to be a dependent child, although neither written petition nor notice was given to the Division of Family Services, and no evidence of dependency was presented.
Section 39.05(2), Florida Statutes, provides that:
“(2) All proceedings seeking an adjudication that a child is dependent shall be initiated by the filing of a petition by the state attorney, an authorized agent of the division of [family] services, or any other person who has knowledge of the facts alleged or is informed of them and believes that they are true.”
Section 39.05(3), Florida Statutes, provides that:
“(3) The petition shall be in writing and shall be signed by the petitioner under oath stating his good faith in filing the petition . . . .”
Before a child can be adjudicated to be a dependent child, a written petition must be filed. In addition, the Division of Family Services must be given notice and an opportunity to be present at the hearing.
The Court erred in the rendition of the orders before us, not only for the above reasons, but because the only issue before it at the dispositional hearing was the disposition of its delinquency adjudication.
The orders are reversed and this case is remanded for disposition of the delinquency adjudication of the child.
McCORD, Acting C. J., and SMITH, J., concur.